## Lizzie G. Hastings and Catherine K. Heron, Defendants in Error, v. Henry Bigaro, Plaintiff in Error.

### Gen. No. 20,608.

LANDLORD AND TENANT, § 200*—*when covenant requiring payment of taxes by tenant not broken.* A lease cannot be forfeited on the ground of the failure of the tenant to comply with covenant therein that he shall pay the current taxes, where he pays such taxes before any attempt is made to enforce any personal liability against the owner of the property or his assigns, although the taxes were not paid until after they had become delinquent and were bearing interest.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1914. Reversed with judgment here. Opinion filed March 8, 1915.

**Statement by the Court.** This writ of error brings in review a judgment for the possession of certain premises recovered by plaintiffs Hastings and Heron against 'defendant Bigaro in an action of forcible detainer in the Municipal Court. Hudson demised by written lease the premises in question to defendant for a term of ten years from April, 1911, at a rental of $16.67 per month, payable in advance on the first day of each month. The lease contains a covenant by the lessee to pay in addition to the rent specified "current general taxes" on the demised premises. Hudson assigned the lease to the plaintiffs. The plaintiffs put in evidence a notice in writing signed by them to defendant, wherein they state that owing to the defendant's failure to pay "all general taxes" for the year 1913 on the demised premises on or before the first day of May, 1914, defendant's lease "was forfeited this 29th day of May, 1914," and possession of the demised premises is demanded "within two days from this 1st day of June, A. D. 1911." The evidence does

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not show when this notice was served. Defendant sent plaintiffs a check for the June, 1914, rent, which they received June 1st and retained but did not deposit the same for collection. On the same day defendant paid the general taxes for 1913 on the demised premises, amounting to $492.23.

Otto G. Knecht, for plaintiff in error.

John Heron, for defendants in error.

Mr. Justice Baker delivered the opinion of the court.

The only question we deem it necessary to consider is as to the right of the plaintiffs to forfeit the lease May 29, 1914, for defendant's failure to pay, up to that time, the general taxes of 1913. Those taxes became a lien April 1, 1913. They became delinquent March 10, 1914. From May 1st the taxes bore interest at the rate of one per cent. per month. The statute provides that application for judgment and order of sale for taxes on delinquent lands and lots shall be made at the June term of the County Court. Section 189 of chapter 120, R. S. (J. & A. ¶ 9408) provides that the owner of any lot upon which judgment is prayed may pay the "taxes, special assessments, interest and costs due thereon to the county collector at any time before sale." Section 203 (J. & A. ¶ 9422) provides that when a lot is offered for sale and there is no bidder, it shall be forfeited to the State.

In *McFarlane v. Williams*, 107 Ill. 33, it was said by Mr. Justice Scholfield:

"The taxes were to be paid when due, and this is fixed by law. They must be paid so as to avoid a sale of the property for their non-payment, or the enforcement of any personal liability against the lessor on account thereof."

Here there could be no sale of the lot in question

for taxes until after the second Monday of June, 1914. The statute in terms provides that the owner may pay the taxes at any time before sale. There was, no attempt to enforce any personal liability against the owner of the lots, the lessor or his assigns. The fact that the taxes bear interest after May 1st is not, in our opinion, material to the inquiry as to when the plaintiffs could forfeit the lease for the failure of the lessee to pay the taxes. We think that under the rule stated in *McFarlane v. Williams, supra,* in the absence of any attempt to enforce the personal liability of the owner of the premises or his assigns, the lessee could pay. the taxes at any time before sale, and that the lessor or his assigns could not forfeit the lease for failure to pay taxes before sale.

It follows from what has been said that in our opinion the judgment should have been a judgment of *nil capiat,* and the judgment is reversed and a judgment of *nil capiat* entered here and for the costs in this court and in the Municipal Court.

*Reversed with judgment here.*